Slip Op. 11-61

## UNITED STATES COURT OF INTERNATIONAL TRADE

CARPENTER TECHNOLOGY
CORPORATION; VALBRUNA SLATER
STAINLESS, INC.; and ELECTRALLOY
CORPORATION, a DIVISION of G.O.
CARLSON, INC.,

      Plaintiffs,

v.

UNITED STATES,

      Defendant.

Before: Timothy C. Stanceu, Judge

Court No. 07-00366

## OPINION AND ORDER

[Ordering United States Department of Commerce to conduct an individual examination of, at a minimum, two previously unexamined respondents and to redetermine margins for six respondents in an administrative review of an antidumping duty order on stainless steel bar from India]

Dated: May 26, 2011

*Kelley Drye & Warren, LLP* (*Laurence J. Lasoff*, *Grace W. Kim*, and *Mary T. Staley*) for plaintiffs.

*Tony West,* Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Sapna Sharma*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Stanceu, Judge: Plaintiffs Carpenter Technology Corporation, Valbruna Slater Stainless,

Inc., and Electralloy Corporation, a Division of G.O. Carlson, Inc. (collectively, "plaintiffs") are

domestic producers of stainless steel bar who brought this action to contest the final

determination ("Final Results") in an administrative review of an antidumping duty order on

imports of stainless steel bar from India (the "subject merchandise").  *Notice of Final Results &*

*Final Partial Rescission of Antidumping Duty Admin. Review: Stainless Steel Bar from India*,

72 Fed. Reg. 51,595 (Sept. 10, 2007) ("*Final Results*").  Before the court is the response of the

International Trade Administration, United States Department of Commerce ("Commerce" or the

"Department") to the court's order in *Carpenter Tech. Corp. v. United States*, 33 CIT __, 662

F. Supp. 2d 1337 (2009) ("*Carpenter*").  *Interim Remand Determination in Carpenter Tech.*

*Corp. et. al. v. United States, Court No. 07-00366* ("*Interim Remand Determination*").  In

*Carpenter*, the court held contrary to law the Department's decision to examine individually only

two respondents, Bhansali Bright Bars Pvt., Ltd. ("Bhansali") and Venus Wire Industries Pvt.,

Ltd. ("Venus"), of eight respondents in the administrative review.  *Carpenter*, 33 CIT at __,

662 F. Supp. 2d at 1347.  The court concluded that this decision "was based on a statutory

construction at odds with the clearly expressed intent of Congress" because "Commerce

implicitly construed [19 U.S.C.] § 1677f-1(c)(2) such that any number of exporters/producers

larger than two was a 'large number of exporters or producers' within the meaning of that term

as used in the statutory provision."  *Id.* at __, 662 F. Supp. 2d at 1342-43 (citing Tariff Act of

1930 ("Tariff Act" or the "Act"), § 777A(c)(2), 19 U.S.C. § 1677f-1(c)(2) (2006)).

    The court ordered in *Carpenter* that Commerce report to the court in an interim decision

"whether it will conduct individual examinations of, and calculate individual weighted-average

dumping margins for, Isibars Limited, Grand Foundry, Ltd., Sindia Steels Limited, Snowdrop

Trading Pvt. Ltd., Facor Steels, Ltd., and/or Mukand Ltd.," the respondents the Department

declined to examine individually in the review.  *Id.* at __, 662 F. Supp. 2d at 1347.  The court

further ordered that Commerce, if it decides to proceed with individual examinations, "also shall

inform the court of the time period that Commerce will require to complete such examinations

and issue an amended final determination of the results of the administrative review . . . ." *Id.*

at __, 662. F. Supp. 2d at 1347-48.

      The response to the court's order, titled "Interim Remand Determination," announces that

Commerce will examine individually on remand two additional respondents, Sindia Steels

Limited ("Sindia") and Snowdrop Trading Pvt. Ltd. ("Snowdrop"), which Commerce chose

because these two respondents, of the six respondents who remain unexamined, account for the

two largest volumes of exports of subject merchandise to the United States. *Interim Remand*

*Determination* 26.  Commerce further informed the court that it will require a minimum of 365

days to complete a review of Sindia and Snowdrop and issue amended final results. *Id.* at 2.

      Commenting to the court on the Interim Remand Determination, plaintiffs raise two

objections.  They argue, first, that Commerce improperly refused to rescind the review as to

Grand Foundry, Ltd. ("Grand Foundry"), Sindia, and Snowdrop despite plaintiffs' having

notified the Department, in comments on a draft version of the Interim Remand Determination

(the "Draft Results of Redetermination") that plaintiffs were withdrawing their request for

review of these three respondents.  Pls.' Comments on Commerce's Interim Remand

Determination Pursuant to Ct. Remand (Slip Op. 09-134) 1-3 ("Pls.' Comments").  Second, they

argue that the Department's proposal to examine on remand only Sindia and Snowdrop, rather

than all unexamined respondents, is inconsistent with the court's ruling in *Carpenter*, not

supported by substantial evidence, and otherwise not in accordance with law.  *Id.* at 4-7.

      Also before the court is defendant's motion for entry of judgment.  Def.'s Mot. for Entry

of Final J. ("Def.'s Mot.").  Defendant argues that it is appropriate that the court enter a

judgment to conclude this litigation rather than issue another remand order, regardless of how the court rules on the Interim Remand Determination.

With respect to plaintiffs' objection that the Department unlawfully refused to allow plaintiffs' withdrawal of the request for review of Grand Foundry, Sindia, and Snowdrop, the court concludes that plaintiffs are not entitled to relief.  Second, the court decides that plaintiffs have waived any challenge to the Department's decision to examine individually on remand only Sindia and Snowdrop.  Plaintiffs did not exhaust their administrative remedies as to any such challenge, having failed to object to the subject decision in response to the Department's request for comment on the Draft Results of Redetermination, and the futility exception to the exhaustion requirement is unavailable in the circumstances of this case.  As a consequence of the unexcused failure to exhaust administrative remedies, plaintiffs are entitled only to a judicial remedy by which Commerce will conduct individual examinations of Sindia and Snowdrop and redetermine the weighted-average dumping margins for all respondents other than Bhansali and Venus.  Finally, ruling on defendant's motion, the court declines to order judgment at this time. The court orders Commerce to complete the administrative review on remand and submit amended final results for the court's review prior to publication.

## I. BACKGROUND

Background information is presented in *Carpenter*.  33 CIT at __, 662 F. Supp. 2d at 1339-40.  Additional background is included below as a summary and to address events that have occurred since *Carpenter* was decided.

During the review, Commerce examined individually only the two highest-volume exporters/producers, Bhansali and Venus.  *Id.* at __, 662 F. Supp. 2d at 1339.  Because it

determined a *de minimis* margin for Venus in the Final Results, Commerce, pursuant to its

practice, assigned the margin it determined for Bhansali, 2.01%, to the six respondents that were

not selected for individual examination, which were Facor Steels, Ltd. ("Facor"), Grand

Foundry, Isibars Limited ("Isibars"), Mukand Ltd. ("Mukand"), Sindia, and Snowdrop.  *Id.*

at __, 662 F. Supp. 2d at 1339 n.1, 1339-40.

On March 30, 2010, Commerce released to plaintiffs the Draft Results of

Redetermination and invited comment.  *Interim Remand Determination* 26.  In their written

response, plaintiffs expressly declined to comment on the Draft Results of Redetermination at

that time, stating that "[w]hile reserving petitioners' right to comment to the Court on the

Department's conclusion of what constitutes a large number of respondents, petitioners hereby

withdraw their request for review of Grand Foundry, Ltd. ('Grand Foundry'), Sindia, and

Snowdrop . . . ."  *Letter from Pls. to Sec'y of Commerce* 2 (Apr. 6, 2010) (Admin. R. Doc.

No. 4020) ("*Pls.' Withdrawal*").  The request for review that plaintiffs sought to withdraw was

the only remaining request for review of any of those three respondents.  *Notice of Prelim.*

*Results of Antidumping Duty Admin. Review, Intent to Rescind & Partial Rescission of*

*Antidumping Duty Admin. Review: Stainless Steel Bar from India*, 72 Fed. Reg. 10,151, 10,152

(Mar. 7, 2007).  In the Interim Remand Determination, Commerce refused to recognize the

withdrawal of plaintiffs' review request, reasoning that "because the Department is not

conducting an administrative review at this time, this request is inappropriate."  *Interim Remand*

*Determination* 27.

On April 22, 2010, defendant filed the Interim Remand Determination with the court.

*Interim Remand Determination.*  On the same date, defendant filed its motion that the court enter

a judgment either affirming or rejecting the Interim Remand Determination.  Def.'s Mot.  On

May 12, 2010, plaintiffs filed comments objecting to the Interim Remand Determination and

requesting another remand.  Pls.' Comments.  On June 11, 2010, defendant responded to those

comments.  Def.'s Resp. to Pls.' Comments on Commerce's Interim Remand Determination

("Def.'s Resp.").  After obtaining leave from the court, plaintiffs replied to the defendant's

response on June 28, 2010.  Pls.' Reply to Def.'s Resp. Comments on Commerce's Interim

Remand Determination ("Pls.' Reply").

       After a telephone conference with the parties on February 7, 2011, the court ordered the

parties to file a joint status report with the court within forty-five days "on the results of

discussions between the parties concerning the possible settlement of the case."  Order (Feb. 7,

2011), ECF No. 71.  In the joint response to the order, which defendant filed on March 25, 2011,

the parties informed the court that despite considerable discussion they have been unable to

reach a settlement and requested "that the Court issue a decision regarding the remand

determination filed by the Department of Commerce, and an order responding to the motion for

entry of final judgment filed by the United States."  Joint Status Report (Mar. 25, 2011), ECF

No. 73.

## II. DISCUSSION

       The court exercises jurisdiction under section 201 of the Customs Courts Act of 1980

("Customs Courts Act"), 28 U.S.C. § 1581(c) (2006), pursuant to which the court reviews

actions commenced under section 516A of the Tariff Act, 19 U.S.C. § 1516a, including an action

contesting the final results of an administrative review that Commerce issues under section 751

of the Tariff Act, 19 U.S.C. § 1675(a).  Upon judicial review, the court "shall hold unlawful any

determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the

record, or otherwise not in accordance with law . . . ."  19 U.S.C. § 1516a(b)(1)(B)(i).

Below, the court first considers plaintiffs' objection that the Interim Remand

Determination unlawfully refused to recognize plaintiffs' withdrawal request pertaining to the

review of Grand Foundry, Sindia, and Snowdrop.  The court next considers the question of

whether plaintiffs may now bring a challenge to the Department's decision, announced in the

Interim Remand Determination, to conduct an individual examination of Sindia and Snowdrop

and of none of the other unexamined respondents, *i.e.*, Facor, Grand Foundry, Isibars, and

Mukand.  Plaintiffs attempt to bring this challenge in their comment submission to the court,

which states that "Commerce's decision to review fewer than all six of the previously non-

examined respondents was not supported by substantial evidence and adequate reasoning and is

not in accordance with law."  Pls.' Comments 4.  This question requires the court to decide, first,

whether plaintiffs have exhausted their administrative remedies on their challenge to the decision

to examine only Sindia and Snowdrop and, if not, whether any exception to the exhaustion

requirement applies in this circumstance.  Finally, the court considers defendant's motion for

judgment.

### A.  Commerce Acted Lawfully in Refusing to Recognize Plaintiffs' Withdrawal of the Review Request for Grand Foundry, Sindia and Snowdrop

Plaintiffs' first argument in opposition to the Interim Remand Determination is that

Commerce unlawfully refused to rescind the review as to Grand Foundry, Sindia, and Snowdrop

upon plaintiffs' withdrawal of their request for review of these respondents.  The court does not

find merit in this argument.

Plaintiffs' withdrawal request cites the Department's regulation, 19 C.F.R. § 351.213(d) (2010), under which Commerce may rescind a review as to a respondent when the only request for review of that respondent has been withdrawn within ninety days of the date on which Commerce initiated the administrative review.  *See Pls.' Withdrawal*.  The regulation provides Commerce discretion to extend the ninety-day time period "if the Secretary decides that it is reasonable to do so."  19 C.F.R. § 351.213(d)(1).  Commerce denied the withdrawal request due to timing, concluding that "because the Department is not conducting an administrative review at this time, this request is inappropriate."[1]  *Interim Remand Determination* 27.

Plaintiffs argue that "Commerce has the authority to extend the deadline for withdrawal requests and based on that authority can rescind a review at any time."  Pls.' Comments 2 (citing 19 C.F.R. § 351.213(d)(1)).  Plaintiffs are correct that the regulation afforded Commerce broad discretion, under which Commerce, at least arguably, could have included in its Interim Remand Determination a decision to accept the withdrawal of plaintiffs' request for the review of Grand Foundry, Sindia, and Snowdrop.  But plaintiffs offer no convincing argument why the law required Commerce to do so.  Plaintiffs assert that "[b]ecause the Court has remanded this case back to Commerce on the issue of respondent selection, the status of this case is essentially equivalent to that of the beginning stages of a review where Commerce begins its respondent selection process," *id.*, and that "[a]lthough Commerce may not be reviewing a specific company

---

[1] Plaintiffs' withdrawal request was made on April 6, 2010, four years after the review was initiated and two and a half years after the review was completed.  *Initiation of Antidumping & Countervailing Duty Admin. Reviews & Deferral of Admin. Reviews*, 71 Fed. Reg. 17,077 (Apr. 5, 2006); *Notice of Final Results & Final Partial Rescission of Antidumping Duty Admin. Review: Stainless Steel Bar from India*, 72 Fed. Reg. 51,595 (Sept. 10, 2007).

at this time, it is nevertheless conducting an administrative review as a result of the Court's remand," *id.* at 2-3.

The court does not agree with either of plaintiffs' assertions.  The administrative review already has been conducted, and only certain aspects of that review, as reflected in the Final Results and identified in *Carpenter*, are the subject of the remand proceeding in this litigation. In the administrative review culminating in the Final Results, Commerce examined individually, and determined margins for, the two highest-volume exporters/producers, Bhansali and Venus. Those two margins, which were not challenged judicially, are not at issue in this case.  In the Interim Remand Determination, Commerce informed the court that it will examine individually two additional exporters/producers who were respondents in the review, which it also has selected based on export volume.  The Department provided this answer in response to the court's direction in *Carpenter* to "inform the court whether it will conduct individual *examinations of*, and calculate *individual weighted-average dumping margins for*, Isibars Limited, Grand Foundry, Ltd., Sindia Steels Limited, Snowdrop Trading Pvt. Ltd., Facor Steels, Ltd., and/or Mukand Ltd."  *Carpenter*, 33 CIT at __, 662 F. Supp. 2d at 1347 (emphasis added). Thus, the questions the remand proceeding is required to answer are which, if any, of the previously unexamined respondents already in the review will be individually examined and what margins will be assigned to the respondents other than Bhansali and Venus, not the question of which parties will be respondents in the review.  In sum, plaintiffs' argument that Commerce was required to accept the withdrawal of the review request is grounded in a misinterpretation of the scope of the remand proceeding.  The court concludes that Commerce

did not abuse its discretion in rejecting plaintiffs' withdrawal of the request to review Grand

Foundry, Sindia, and Snowdrop.

    B.  Plaintiffs Failed to Exhaust their Administrative Remedies on their Objection to the
    Department's Decision on Remand to Examine Individually Only Sindia and Snowdrop

       In section 301 of the Customs Courts Act, Congress directed that the Court of

International Trade "where appropriate, require the exhaustion of administrative remedies."

28 U.S.C. § 2637.  In litigation contesting antidumping determinations, the exhaustion

requirement applies to a situation such as that existing in this case, in which the Department

invited a party to submit comments on draft remand results.  *Mittal Steel Point Lisas Ltd. v.*

*United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008); *AIMCOR v.United States*, 141 F.3d 1098,

1111-12 (Fed. Cir. 1998).

       The record in this case discloses that plaintiffs made no comments on the Draft Results of

Redetermination other than their informing Commerce of the withdrawal of the request for

review of Grand Foundry, Sindia, and Snowdrop.  Commerce sent plaintiffs a letter dated

March 30, 2010, soliciting written comments on the Draft Results of Redetermination, which

were attached to the letter.  *Letter from Program Manager, AD/CVD Enforcement Office 1 to All*

*Interested Parties* (Mar. 30, 2010) (Admin. R. Doc. No. 4005).  Plaintiffs' submission in

response did not object to the Department's proposal to conduct individual examinations of only

Sindia and Snowdrop.  What is more, plaintiffs told Commerce that their submission was not to

be considered a comment on the Draft Results of Redetermination.  In informing Commerce that

"[w]hile reserving petitioners' right to comment to the Court on the Department's conclusion on

what constitutes a large number of respondents, petitioners hereby withdraw their request for

review of Grand Foundry, Ltd. ('Grand Foundry'), Sindia, and Snowdrop," *Pls.' Withdrawal* 2,

plaintiffs explained that "[g]iven that this request could potentially alter the Department's

remand results, and given that the Department was granted an extension of time to file its remand

results, petitioners *will wait to comment on the Department's draft remand results until after the*

*Department responds to this request*," *id.* at 4 (emphasis added).  Commerce did not respond to

that request prior to issuing the Interim Remand Determination.  Nor could plaintiffs reasonably

have expected Commerce to do so.  Because plaintiffs filed their response to the Department's

request for comments on April 6, 2010, the due date specified in the comment request, and did

not seek an extension of the due date, there was no apparent way plaintiffs could have waited

until after the Department responded to their notice of withdrawal of their review request to

comment to the Department on the Draft Results of Redetermination.

Commerce went forward with the proposal stated in the Draft Remand Redetermination,

expressly noting that plaintiffs had declined to comment on it.  This draft was in all material

respects identical to the Interim Remand Determination, except that the latter includes a

paragraph at the end stating: (1) that the Department released its draft to plaintiffs ("Petitioners")

with comments due on April 6, 2010; (2) that rather than file substantive comments, Petitioners

instead filed a letter stating that they are reserving their right to comment to the Court on the

Department's conclusion of what constitutes a large number of respondents; (3) that Petitioners

withdrew their request for review of Grand Foundry, Sindia, and Snowdrop; (4) that Petitioners'

withdrawal request is inappropriate "because the Department is not conducting an administrative

review at this time"; and (5) that "because Petitioners have not submitted any additional

comments on the draft interim remand determination, there are no additional issues to address."

*Interim Remand Determination* 26-27.

In summary, the record facts relevant to the question of exhaustion are that plaintiffs

were invited to comment on the Draft Remand Redetermination, that plaintiffs declined to do so,

and that the Department presented the previously-proposed decision to examine only Sindia and

Snowdrop to the court, in final form, in the Interim Remand Determination.  On these facts, the

court concludes that plaintiffs failed to exhaust their administrative remedies on their current

challenge, as stated in their comment to the court, to the decision to examine on remand only

Sindia and Snowdrop rather than all six of the respondents who have not been examined

individually.

Plaintiffs argue that they did not fail to exhaust their administrative remedies,

maintaining that "[c]ontrary to the government's claim, Commerce's Interim Remand

Determination did not raise a new legal issue that had not previously been briefed by Plaintiffs."

Pls.' Reply 2.  They direct attention to a brief they submitted to the court on October 9, 2009,

prior to the court's decision in *Carpenter*.  *Id.*; Letter (Sept. 9, 2009), ECF No. 39; Pls.' Br.

Regarding Commerce's Decision Not to Conduct an Individual Review of All Eight

Respondents ("Pls.' Supp. Br.").  The cited brief argued that Commerce exceeded its authority

under section 777A(c)(2) of the Tariff Act, 19 U.S.C. § 1677f-1(c)(2), in declining to conduct an

individual examination of all eight respondents in the administrative review.  Pls.' Supp. Br. 3-5.

Plaintiffs' citing to arguments made in the October 9, 2009 brief does not address the

source of the exhaustion problem in this case, which is the submission plaintiffs made to the

Department in response to the Draft Results of Redetermination.  That submission fails to

maintain plaintiffs' previous litigation position and addresses only plaintiffs' withdrawal of the

request for review of Grand Foundry, Sindia, and Snowdrop.  *See Pls.' Withdrawal*.  Plaintiffs

abandoned the litigation position they had taken up to that time–that Commerce unlawfully

failed to conduct individual examinations of all respondents in the administrative review–when

they failed to assert it in opposition to the proposed decision, stated in the Draft Results of

Redetermination, to examine individually on remand only Sindia and Snowdrop.  *See Mittal*

*Steel Point Lisas Ltd.*, 548 F.3d at 1384 (concluding that a party failed to raise an issue "at the

appropriate time on remand and thus abandoned its argument by failing to exhaust its

administrative remedies before Commerce") (citing *AIMCOR*, 141 F.3d at 1111-12).  The

April 6, 2010 submission to the Department could have, but did not, argue that if Commerce

refused to allow the withdrawal of the review request, it must examine individually all six

remaining unexamined respondents.  Plaintiffs also could have argued to the Department, but did

not, that Commerce must examine individually all respondents for which a request for review

still would be pending, *i.e.*, Isibars, Facor, and Mukand, should the Department allow withdrawal

of the request for review of Grand Foundry, Sindia, Snowdrop.[2]  The most that can be said is that

plaintiffs took a position before the Department–specifically, the position that they should be

_____

[2] Plaintiffs state in their comments to the court that in withdrawing their request for the
review of Grand Foundry, Ltd., Sindia Steels Limited ("Sindia") and Snowdrop Trading Pvt.
Ltd. ("Snowdrop") they "requested that Commerce conduct an individual examination of the
remaining three companies."  Pls.' Comments on Commerce's Interim Remand Determination
Pursuant to Ct. Remand (Slip Op. 09-134) 1-2.  In so stating to the court, plaintiffs
mischaracterize their April 6, 2010 submission to the International Trade Administration, United
States Department of Commerce ("Commerce" or the "Department").  Nowhere in that
submission did plaintiffs argue that Commerce, if accepting the withdrawal request, should or
must conduct an individual examination of Isibars Limited, Facor Steels, Ltd., and/or Mukand
Ltd.  *See Letter from Pls. to Sec'y of Commerce* (Apr. 6, 2010) (Admin. R. Doc. No. 4020).

allowed to withdraw their request for review of Grand Foundry, Sindia, and Snowdrop–that was

inconsistent with the proposed decision to examine Sindia and Snowdrop individually.  Even

were the court to speculate from plaintiffs' April 6, 2010 submission to Commerce that plaintiffs

disagreed with that proposed decision, despite plaintiffs' having failed to so state, the court could

not reasonably infer that plaintiffs' previous legal position, rather than a presumed right to

withdraw the review request, was the basis for any disagreement.

> Plaintiffs argue in the alternative that the court should excuse any failure to exhaust

administrative remedies because it would have been futile for plaintiffs to raise again at the

agency level an argument Commerce already had rejected.  Pls.' Reply 4 (arguing that "it would

also have been futile for Plaintiffs to once again explain why Commerce's decision for not

reviewing all eight respondents was not within [the Department's] statutory authority.").

Plaintiffs make the related arguments that "if the Department ha[d] properly withdrawn the

request for the review of the three respondents, additional comments by Plaintiffs would have

been unnecessary," *id.* at 4-5, and that "[b]ecause the Department did not respond to Plaintiffs'

withdrawal request until it filed its Interim Remand Determination on April 22, 2010, Plaintiffs

properly filed their substantive comments at that time," *id.* at 5.

> To qualify for the futility exception, which is to be applied narrowly, "a party must

demonstrate that it 'would be required to go through obviously useless motions in order to

preserve [its] rights.'"  *Mittal Steel Point Lisas Ltd.,* 548 F.3d at 1384 (quoting *Corus Staal BV v.

United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007)) (alterations in original).  Because an

agency remains free to modify its current position, the mere fact that an agency was unlikely to

do so does not excuse the requirement to exhaust.  *Corus Staal BV*, 502 F.3d at 1380.  In this

case, Commerce rejected in the Final Results plaintiffs' argument that it was required to examine

individually all eight respondents, but nevertheless it requested comment on the Draft Results of

Redetermination, which proposed, in effect, that the Department issue amended final results

setting forth individual margins for four of the eight respondents, Bhansali, Sindia, Snowdrop,

and Venus.  In soliciting comment, Commerce did not indicate that its determination to examine

Sindia and Snowdrop was anything other than a proposal on which plaintiffs could comment.

Had plaintiffs commented in opposition to that proposal, Commerce could have changed its

position, in any of a number of ways, before filing the Interim Remand Determination with the

court.

   The court also disagrees with plaintiffs' argument that the futility exception applies

because advancing plaintiffs' litigation position to the agency "would have been unnecessary"

had Commerce rescinded the review as to Sindia, Snowdrop, and Grand Foundry in response to

plaintiffs' withdrawal request.  Pls.' Reply 4-5.  Even had Commerce decided to accept the

withdrawal of the review request for Grand Foundry, Sindia, and Snowdrop in response to

plaintiffs' April 6, 2010 submission to the Department, still unresolved would have been the

issue of which of the remaining unexamined respondents, *i.e.*, Facor, Isibars, and Mukand,

would be examined individually on remand.  As noted previously, plaintiffs did not make the

point in their April 6, 2010 submission that Commerce, if accepting the withdrawal request,

should examine individually these three remaining unexamined respondents.  The court therefore

must reject the assertion that acceptance of the withdrawal request would have made it

unnecessary that plaintiffs advance their litigation position before the agency.  Even were that

assertion correct, plaintiffs' futility argument would be unavailing.  The futility exception

excuses failure to advance a litigation position when doing so would have been "obviously useless," *Corus Staal BV*, 502 F.3d at 1379, not when arguing that position would be rendered unnecessary by success on another argument.

Plaintiffs' third argument, that "[b]ecause the Department did not respond to Plaintiffs' withdrawal request until it filed its Interim Remand Determination on April 22, 2010, Plaintiffs properly filed their substantive comments at that time," is untenable.  Pls.' Reply 5.  As noted above, plaintiffs filed their response to the Department's comment request on the due date specified in that request.  Even had Commerce decided to respond separately to the withdrawal request (which it was under no obligation to do), plaintiffs, having left themselves no time, could not reasonably have expected that they would have an opportunity to file additional comments to the Department.

For the various reasons discussed above, the court concludes that plaintiffs failed to exhaust their administrative remedies and that the futility exception to the exhaustion requirement does not apply in the circumstances presented here.  Plaintiffs raised no objection before the Department to the proposed decision to examine individually, and calculate individual weighted-average margins for, Sindia and Snowdrop.  Because of the failure to exhaust, which the court declines to excuse on the ground of futility, plaintiffs have waived any objection to that decision as submitted to the court in the Interim Remand Determination.  As a consequence, plaintiffs are not entitled to a remedy under which Commerce, on remand, would examine individually respondents other than, or in addition to, Sindia and Snowdrop.

### C.  The Court Will Deny Defendant's Motion for Entry of Judgment and Issue a Second Remand Order in this Proceeding

Defendant moves pursuant to USCIT Rule 54 that the court enter final judgment in this case instead of issuing a remand order.  Defendant argues, first, that Commerce has explained on remand why its original determination to examine two respondents was reasonable, and that if the court agrees with that explanation, it should enter final judgment.  Def.'s Mot. 1, 4-5. Second, defendant argues that if, instead, the court concludes that Commerce must examine "some additional number of respondents," it still should enter judgment because "all issues in the case have been resolved," *i.e.*, "there are no margin calculations or adjustments to recalculate, practices to adjust or reconsider, or agency legal conclusions to explain."  *Id.* at 2.  In either event, defendant argues, "the Court will have granted plaintiffs all the relief requested in their complaint and all of the rights of the parties would be preserved."  *Id.*  Finally, defendant states in support of its motion that it "files this motion because we respectfully object to the Court's requirement that Commerce file its remand determination as an 'interim' remand determination." *Id.* at 1.

Although citing various decisions of the Court of International Trade which it believes support its motion, defendant cites no statute or binding precedent under which the court is required to enter judgment in this circumstance.[3]  Nor is the court aware of any reason why it

---

[3] Defendant cites two cases in which the court has entered judgment when Commerce had not yet complied with the court's decision, but neither case indicates that the court must or should enter judgment here.  Def.'s Mot. for Entry of Final J. 3-4 (citing *Gilmore Steel Corp., Oregon Steel Mills Div. v. United States*, 11 CIT 684, 672 F. Supp. 1459 (1987), *rev'd sub nom, Oregon Steel Mills Inc. v. United States*, 862 F.2d 1541 (Fed. Cir. 1988); *Trustees in Bankruptcy of North American Rubber Thread Co. v. United States*, 32 CIT __, 558 F. Supp. 2d 1367 (2008) (continued...)

would be required by law to enter judgment at this time.  Moreover, as discussed below, the

reasons defendant puts forth as to why the court, in its discretion, should enter judgment at this

time are unconvincing, and other considerations dictate that it would be inappropriate to do so.

Defendant's first argument, which is implicitly premised on the court's affirming the

Final Results on new reasoning as stated in the Interim Remand Determination, is not persuasive.

Contrary to defendant's implied premise, the Interim Remand Determination does not submit for

the court's consideration a decision by Commerce on remand not to examine individually any

respondents other than two already examined.[4]  *See Interim Remand Determination* 1 ("In

accordance with the Court's order, the Department has determined to calculate individual

dumping margins for an additional two of the eight respondents that were subject to requests for

review in the 2005-2006 administrative review."), 26 ("The Department has concluded . . . that it

---

[3](...continued)
("*NART*")).  These cases were not brought under 19 U.S.C. § 1516a (2006), as was the present
case, and they involved situations in which no review had been conducted prior to the initiation
of the litigation.  *Gilmore*, 11 CIT at 684, 672 F. Supp. at 1459; *NART*, 32 CIT at __ 558
F. Supp. 2d at 1368.

[4] The Interim Remand Determination expresses Commerce's disagreement with the
holding in *Carpenter Tech. Corp. v. United States*, 33 CIT __, 662 F. Supp. 2d 1337, 1347
(2009), *see Interim Remand Determination in Carpenter Tech. Corp. et. al. v. United States,
Court No. 07-00366*, at 6, but it does not include a remand decision under which no additional
respondents would be examined individually.  The Opinion and Order issued in *Carpenter*,
although setting aside as unlawful the respondent selection decision in the final results of the
review based on the Department's erroneous construction of the statute, under which any number
larger than two necessarily would be considered a "large number" within the meaning of
19 U.S.C. § 1677f-1(c)(2) (2006), did not expressly preclude a remand redetermination that
attempted to justify the original respondent selection decision on different reasoning.  *See
Carpenter*, 33 CIT at __, 662 F. Supp. 2d at 1347.  However, the court's general discussion in
*Carpenter* strongly suggested that any such decision was unlikely to be affirmed.

can reasonably review the two additional companies accounting for the largest volume of exports

to the United States during the period of review, Snowdrop and Sindia.").

Defendant's second argument, which submits that no margins are left to be determined in

this case, is factually wrong and based on an erroneous characterization of plaintiffs' claim in

this case.  Plaintiffs contested as contrary to law the Department's assignment of Bhansali's

2.01% margin to the unexamined respondents, *i.e.*, Sindia, Snowdrop, Facor, Grand Foundry,

Isibars, and Mukand.  Compl. ¶¶ 10, 12.  In *Carpenter*, the court set aside the assignment of the

2.01% margin to the unexamined respondents, and the Interim Remand Determination does not

inform the court how Commerce intends to assign margins to the four respondents it would not

examine individually on remand (*i.e.*, Facor, Grand Foundry, Isibars, and Mukand).[5]  As a result,

the court's affirmance of the Interim Remand Determination through an entry of judgment would

not adjudicate fully the claim plaintiffs have brought in this case.  Therefore, entry of judgment

at this time would not be appropriate.

Defendant's third point, that it "objects to the Court's requirement that Commerce file its

remand determination as an 'interim' remand determination," is misguided.  Def.'s Mot. 1.  The

court did not exceed its discretion in issuing its order of remand in *Carpenter*.  *See* Customs

Courts Act, § 301, 28 U.S.C. § 2643(c)(1).

--------

[5] The court does not hold or imply that Commerce erred in not so informing the court. The Opinion and Order in *Carpenter* did not direct Commerce to address this point.  The court is aware that Commerce, as a matter of practice, assigns to unexamined respondents in an administrative review a simple average of the margins assigned to examined respondents, excluding *de minimis* margins and margins based on facts otherwise available.  However, this practice is not required by law, and it remains to be seen how Commerce will assign margins to unexamined respondents in this case.

For the reasons the court has discussed, the appropriate remedy at this time is a second remand order, not the entry of judgment.  In the full remand proceeding, Commerce, at a minimum, must conduct individual examinations of, and assign individual margins to, Sindia and Snowdrop.[6]  It also must assign margins to Facor, Grand Foundry, Isibars, and Mukand by a lawful method.  The court sets a time period for Commerce to complete this task and prepare amended final results for the court's consideration.

Finally, in crafting a second remand order, the court must "secure the just, speedy, and inexpensive determination" of this "action and proceeding."  USCIT R. 1.  This goal will be thwarted if these proceedings are permitted to waste the resources of the Department or of Sindia and Snowdrop, parties who are not before the court but whose participation in the further proceedings is essential.  Plaintiffs' attempt to withdraw its request for review of Grand Foundry, Sindia, and Snowdrop indicates to the court that plaintiffs may be opposed to the only remedy to which they are now entitled, *i.e.*, amended final results that assign individual margins to Sindia and Snowdrop and redetermined margins for Facor, Grand Foundry, Isibars, and Mukand.  The court concludes from these circumstance that plaintiffs must decide within a short time period following issuance of this Opinion and Order whether they choose to receive the remedy to which they are entitled rather than seek dismissal of this action pursuant to USCIT Rules 41(a)(2) and 56.2(g).  The court will allow twenty-one days for plaintiffs to make this

---

[6] The Department retains the discretion to conduct on remand individual examinations of previously-unexamined respondents in addition to Sindia and Snowdrop but, due to plaintiffs' failure to exhaust administrative remedies, is under no obligation to do so.  The court will have the opportunity to review the lawfulness of any decision to select for individual examination previously-unexamined respondents in addition to Sindia and Snowdrop when it receives the results of the second remand order.

decision.  Absent a compelling justification, the court will not order voluntary dismissal of this action after that time.

Upon considering the Interim Remand Determination, the court decides not to grant Commerce the entire 365 day period that it requested.  This period of time, which is the statutory period for completion of an administrative review, 19 U.S.C. § 1675(a)(3)(A), is excessive for this remand because Commerce will omit some procedural steps of a review, including, in particular, solicitation of review requests.  The court, in its discretion, will allow 300 days from the date of this Opinion and Order for the submission of the results of the remand.[7]  The court will consider extending this time only upon a motion showing good cause.  Because the remand proceeding is being conducted under the court's jurisdiction, the court's permission is required for any such extension.  As a result, the ordinary statutory provisions for extensions of time to conduct a review do not apply to the remand conducted pursuant to this Opinion and Order.

### III. CONCLUSION

Plaintiffs, having failed to exhaust their administrative remedies, are entitled to a remedy under which the Department would conduct, at a minimum, individual examinations of Sindia and Snowdrop and issue, under the court's jurisdiction, amended final results of the administrative review that assign individual margins to Sindia and Snowdrop and redetermined margins to Facor, Grand Foundry, Isibars, and Mukand.

---

[7] The respondent selection process phase of the administrative review consumed sixty-three days.  *Carpenter*, 33 CIT at __, 662 F. Supp. 2d at 1339 (indicating that the review was initiated on April 5, 2006 and that respondent selection was completed on June 7, 2006).

**Court No. 07-00366**                                                                **Page 22**

<u>**ORDER**</u>

Upon review of the *Notice of Final Results & Final Partial Rescission of Antidumping*

*Duty Admin. Review: Stainless Steel Bar from India*, 72 Fed. Reg. 51,595 (Sept. 10, 2007)

("Final Results"), the *Interim Remand Determination in Carpenter Tech. Corp. et. al. v. United*

*States, Court No. 07-00366* ("Interim Remand Determination"), and all other papers and

proceedings had herein, and after due deliberation, it is hereby

 **ORDERED** that the parties shall consult with respect to possible dismissal of this action
and submit to the court, within twenty-one (21) days of the date on which this Opinion and Order
is filed, the outcome of their consultations and any motion or stipulation pertaining to voluntary
dismissal; it is further

 **ORDERED** that, if this action is not dismissed pursuant to the above paragraph, the
International Trade Administration, United States Department of Commerce ("Commerce" or the
"Department") shall submit for the court's review a redetermination of the Final Results on
remand ("Second Remand Determination") in which its calculates individual margins for, at a
minimum, Sindia Steels Limited and Snowdrop Trading Pvt. Ltd., and redetermined margins for
Isibars Limited, Grand Foundry, Ltd., Facor Steels, Limited, and Mukand Ltd.; it is further

 **ORDERED** that Commerce shall submit the Second Remand Redetermination within
300 days of the date on which this Opinion and Order is filed; it is further

 **ORDERED** that plaintiffs shall have thirty (30) days from the filing of the Second
Remand Redetermination in which to submit comments to the court; it is further

 **ORDERED** that defendant shall have fifteen (15) days from the filing of plaintiffs'
comments to file comments; it is further

 **ORDERED** that Commerce shall not publish amended final results for the administrative
review absent the direction of the court in a future order or judgment; and it is further

 **ORDERED** that defendant's motion for entry of final judgment be, and hereby is,
denied.

       /s/ Timothy C. Stanceu
       Timothy C. Stanceu
       Judge

Dated: May 26, 2011
  New York, New York